UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS CARTAGENA,

                    Plaintiff,

-v-

RYDER TRUCK RENTAL, INC., *et al.*,

                    Defendants.

23-CV-4169 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Presently before the Court is Plaintiff's motion under Federal Rule of Civil Procedure 25(c) to substitute fictitious defendant "John Doe" for "Hector Perez." (ECF No. 13.) Upon substitution, the Court must determine whether remand is appropriate for lack of diversity jurisdiction.

I

    Plaintiff commenced this action on August 23, 2022, in New York Supreme Court, Bronx County. (ECF No. 13-1 ("Namvar Decl.") ¶ 3.) This case involves an accident that occurred in the Bronx on July 25, 2022, in which Plaintiff alleges that while he was operating his electric bike, he was struck by a truck and was seriously injured. (*Id.* ¶ 4.) The operator of the truck did not remain at the scene of the accident and the New York City Police Department could not locate him. (*Id.*) A subsequent investigation identified the truck involved in the accident, but not the operator of the truck. (*Id.* ¶ 5.) Plaintiff initiated this action naming "John Doe," the as-yet-unidentified operator of the truck, and two entities—Ryder Truck Rental and Tomra of North America—alleged to be the lessee and owner of the truck.

    Plaintiff's Demand for Discovery and Inspection, dated April 18, 2023, demanded the name and last-known address of "John Doe." (*Id.* ¶ 7; ECF No. 13-7.) The Supreme Court,

1

Bronx County, so-ordered a stipulation directing Defendants to respond to Plaintiff's Demand for Discovery and Inspection by May 18, 2023.  (Namvar Decl. ¶ 8; ECF No. 13-8.)  On May 19, 2023, Defendants returned Responses to Plaintiff's Demands, in which Defendants disclosed that "John Doe" was "Mr. Perez," but did not provide Mr. Perez's full name or address.  (Namvar Decl. ¶ 9; ECF No. 13-9.)

On May 19, 2023, Defendants also filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.  (ECF No. 1.)  At the time of removal, the citizenship of the fictitious Defendant "John Doe" was disregarded for purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1441(b)(1).  Defense counsel first disclosed the full name and address of the operator of Defendants' truck in an email to Plaintiff's counsel dated July 7, 2023.  (ECF No. 17-2.)  The operator of the truck was Hector Perez, who is a resident of New York.  (*Id.*)

II

Having acquired Hector Perez's full name and address, Plaintiff moves under Federal Rule of Civil Procedure 25(c) to substitute the fictitious name "John Doe" for "Hector Perez."  Rule 25(c) applies to situations involving a transfer of interest from one party to another.  Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  In this case, there is no transfer of interest from one party to another.  Rather, the fictitious name "John Doe" served as a placeholder for "Hector Perez."  Substituting Hector Perez for "John Doe" would not constitute a transfer of interest.

The Court therefore construes Plaintiff's motion as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) states that a "party may amend its pleading. . . [with] the court's leave" and that "[t]he court should freely give leave

when justice so requires." Given that Plaintiff requested Hector Perez's name and address prior to Defendants' removal of the case, and that Defendants failed to provide that information prior to their notice of removal, the Court grants Plaintiff leave to amend the complaint to substitute the fictitious name "John Doe" with the name "Hector Perez" as a Defendant.[1]

III

With Perez substituted as a defendant, diversity jurisdiction is destroyed. The next question, then, is whether the case should be remanded to state court. While 28 U.S.C. § 1441(b)(1) makes clear that "fictitious names shall be disregarded" for purposes of removal based on diversity of citizenship, § 1447(e) provides that if a plaintiff after removal "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." While Perez has been "substituted" for the "John Doe" defendant, it is also accurate to say that he has been "joined" as a defendant for purposes of § 1447(e), destroying diversity. *See Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir. 1994) ("[F]ederal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action.").

Moreover, several courts have ordered remand in circumstances very similar to those presented here. "If, however, the plaintiff has described the Doe defendants so that their identity is clear, or if the defendants are better equipped than are plaintiffs to ascertain the Doe defendants' citizenship, or if the Doe defendant is an agent of a company, a few federal courts

---

[1] Defendants' assertion that Perez is not a "necessary party" and is being substituted for tactical reasons is unpersuasive. As the driver of the vehicle, Perez is likely a necessary party and certainly an appropriate party. Plaintiff named him in the complaint as "John Doe" while specifically identifying him as the driver of the vehicle. The Court is not persuaded that Plaintiff has engaged in any gamesmanship designed to destroy diversity jurisdiction.

have permitted the actual identity of a non-diverse Doe defendant to destroy diversity jurisdiction upon removal." 14C Wright & Miller, Federal Practice & Procedure (2022) (citing cases). All three of those circumstances apply here. The Court concludes that remand is warranted here.

IV

For the foregoing reasons, Plaintiff's motion to substitute Hector Perez for John Doe as a defendant (ECF No. 13) is GRANTED, and the complaint is hereby deemed so amended.

With Perez substituted for the John Doe defendant, this Court now lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). The Court hereby orders this case REMANDED to New York Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(e).

The Clerk of Court is directed to (1) close the motion at ECF No. 13, and (2) effectuate the remand of this action to New York Supreme Court, Bronx County.

SO ORDERED.

Dated: December 8, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge